UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EHANG INC., <br><br>   Plaintiff, <br><br> v. <br><br> GARY WANG, <br><br>   Defendant. | Case No. 21-cv-02700-BLF <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY; DENYING DEFENDANT'S CROSS-MOTION TO STAY DISCOVERY; AND DENYING THE PARTIES' STIPULATED REQUEST TO RESET THE INITIAL CASE MANAGEMENT CONFERENCE** <br><br> [Re: ECF 18, 26] |

On August 19, 2021, the parties filed a stipulated request to reset the Initial Case Management Conference, currently scheduled for August 26, 2021, until the Court resolves a cross-motion to stay discovery filed by Defendant Gary Wang. *See* Joint Stipulation, ECF 26. Wang's cross-motion to stay discovery was made in response to a motion for expedited discovery filed by Plaintiff EHang, Inc., and both motions originally were presented to Magistrate Judge DeMarchi in a Joint Discovery Letter Brief. *See* Joint Discovery Letter Brief, ECF 18. Because the issue of a discovery stay must be decided by the presiding district judge, Judge DeMarchi referred the Joint Discovery Letter Brief to the undersigned for resolution. *See* Order Referring Discovery Dispute, ECF 21.

The Court finds that EHang's motion for expedited discovery and Wang's cross-motion to stay discovery are suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Both motions are DENIED for the reasons discussed below. In light of the Court's ruling, the stipulated request to reset the Initial Case Management Conference is DENIED. The Initial Case Management Conference REMAINS SET on August 26, 2021 at 11:00 a.m.

*EHang's Motion for Expedited Discovery*

With respect to EHang's motion for expedited discovery, a party generally "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by [the federal rules], by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).  Courts in this district apply a "good cause" standard in considering whether to grant a motion to expedite discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).  "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id*.  "Good cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction." *Twitch Interactive, Inc. v. Johnston*, No. 16-CV-03404-BLF, 2017 WL 1133520, at *2 (N.D. Cal. Mar. 27, 2017).  "Good cause may also exist in cases where a defendant has failed to appear, resulting in the entry of default against the defendant, and the plaintiff is in need of evidence to establish damages." *Id*.

EHang asserts that good cause exists to grant its motion for expedited discovery because Wang has refused to conduct a Rule 26(f) conference and has indicated that he will stall discovery.  The Initial Case Management Conference is scheduled for August 26, 2021, after which Wang will be able to proceed with discovery.  As discussed below, the Court concludes that Wang has not established that a discovery stay is warranted.  Accordingly, if Wang attempts to stall discovery, EHang will have all the ordinary remedies available to a civil litigant.  The Court notes that this is not the type of case in which expedited discovery ordinarily is granted, as it does not involve claims of infringement, a motion for preliminary injunction, or a defendant's default.  After considering EHang's motion and the record as a whole, the Court finds that EHang has not shown the requisite good cause to prevail in its motion.  Accordingly, EHang's motion for expedited discovery is DENIED.

*Wang's Motion to Stay Discovery*

Turning to Wang's motion to stay discovery, "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is

pending." *In re Google Digital Advert. Antitrust Litig.*, No. 20-CV-03556-BLF, 2020 WL 7227159, at *1 (N.D. Cal. Dec. 8, 2020) (quotation marks and citation omitted). Discovery may be stayed upon a showing of "good cause." *See* Fed. R. Civ. P. 26(c)(1)(A). Under Ninth Circuit law, however, a party moving to stay discovery "carries the heavy burden of making a strong showing why discovery should be denied." *Id*. (quotation marks and citation omitted). "Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." *Id*. at *2 (collecting cases). Under this test, the court takes a "preliminary peek" at the merits of the pending motion to determine whether: (1) the motion is potentially dispositive of the case or at least the issue as to which discovery is sought; and (2) the pending motion can be decided absent additional discovery. *See id.* If both prongs are satisfied, discovery may be stayed. *See id.* If either prong is not established, discovery proceeds. *See id.*

Wang contends that both prongs are satisfied here. Having taken a preliminary peek at Wang's motion to dismiss, the Court agrees that the motion is potentially dispositive. However, the Court cannot determine at this time whether Wang is likely to prevail on the motion or whether leave to amend would be denied if Wang were to prevail. Moreover, as the motion is based in part on factual assertions grounded in evidence submitted with the motion, the Court cannot find at this time that it may be decided absent additional discovery. The Court concludes that Wang has not made the strong showing required to warrant a discovery stay. Accordingly, Wang's motion to stay discovery pending disposition of his motion to dismiss is DENIED.

*Stipulated Request to Reset Initial Case Management Conference*

Given the Court's rulings on EHang's motion for expedited discovery and Wang's motion to stay discovery, the parties' stipulated request to reset the Initial Case Management Conference is DENIED. The Initial Case Management Conference REMAINS SET on August 26, 2021 at 11:00 a.m. The parties SHALL file a Joint Case Management Statement by August 23, 2021.

IT IS SO ORDERED.

Dated:  August 20, 2021

BETH LABSON FREEMAN
United States District Judge

3