UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EHANG INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>GARY WANG,<br><br>    Defendant. | Case No. 21-cv-02700-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE FIRST AMENDED COMPLAINT; TERMINATING DEFENDANT'S ADMINISTRATIVE MOTION AS MOOT; AND ADDRESSING FURTHER PROCEEDINGS IN THE CASE**<br><br>[Re: ECF 43, 47] |

Before the Court are two motions filed by Defendant Gary Wang ("Wang"): (1) a motion to strike the first amended complaint ("FAC") and (2) an administrative motion to stay discovery and advance the hearing on the motion to strike. The Court finds both motions to be appropriate for decision without oral argument, and for that reason the February 24, 2022 hearing on the motion to strike is VACATED. For the reasons discussed below, the motion to strike is GRANTED and the administrative motion is TERMINATED AS MOOT.

*EHang's Complaint*

Plaintiff EHang, Inc. ("EHang") filed this suit against Wang on April 15, 2021, alleging claims arising out of Wang's alleged misconduct while employed by EHang.[1] *See* Compl., ECF 1. The complaint alleges that while acting as EHang's general manager from July 20, 2015 to August 31, 2016, Wang mismanaged operations so badly that EHang was forced to close its California

---

[1] Wang asserts that he was not employed by EHang, but was employed by a related entity, Guangzhou EHang Intelligent Technology Co., Ltd.

office and file for bankruptcy. *See id.* ¶¶ 7-12. The complaint also alleges that Wang took confidential information when he left the company, including commercial information belonging to EHang and personal identifying information belonging to a number of EHang's employees. *See id.* ¶¶ 16-20. Based on those allegations, EHang filed a complaint asserting two claims, the first for breach of fiduciary duty and the second for negligence and willful misconduct. *See id.* ¶¶ 33-42.

*Dismissal of the Complaint with Leave to Amend for Lack of Standing*

Wang filed a motion to dismiss the complaint on numerous grounds, including EHang's lack of standing to bring this action as a result of its Chapter 7 bankruptcy proceedings. *See* Mot. to Dismiss, ECF 12. Wang requested judicial notice of EHang's Chapter 7 Voluntary Bankruptcy Petition filed in December 2017, arguing that because EHang's claims against him arose prior to that date, the claims are the property of the bankruptcy estate. *See id.* at 2-3. Legal claims accruing before the filing of a Chapter 7 bankruptcy petition are the property of the bankruptcy estate and, unless abandoned by the bankruptcy trustee, may be asserted only by the estate as the real party in interest. *See Estate of Spirtos v. One San Bernardino County Super. Ct.*, 443 F.3d 1172, 1176 (9th Cir. 2006) ("the bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate"); *see also, Britto v. Bank of America, N.A.*, No. C 13–03508 WHA, 2013 WL 5587400, at *2 (N.D. Cal. Oct. 10, 2013) ("Property is not abandoned by the trustee by operation of law unless the debtor formally schedules the property before the close of the case."); *In re Edwards*, BAP No. CC-11-10100PaMkAl, 2011 WL 4485560, at *4 (9th Cir. BAP Aug. 26, 2011) (claims arising out of prepetition foreclosure proceedings were property of the estate such that the chapter 7 trustee had "the exclusive authority to prosecute these claims on behalf of the estate").

Before the scheduled hearing on the motion to dismiss, the Court held the Initial Case Management Conference. *See* Minute Entry, ECF 32. The Court noted the pendency of the motion to dismiss and expressed concern that EHang might not have standing to proceed with the case due to the Chapter 7 bankruptcy. *See* Tr. at 2-3, ECF 44. EHang suggested that the Court grant the motion to dismiss only on the standing issue, with leave to amend, indicating that the

1    apparent lack of standing could be cured.  *See id.* at 6.  Wang's counsel agreed to that proposed
2    approach.  *See id.*  On August 27, 2021, the Court issued a brief order granting the motion to
3    dismiss the complaint for lack of standing, with leave to amend.  *See* Order Granting Mot. to
4    Dismiss, ECF 34.  The Court recognized that Wang had raised a number of other grounds for
5    dismissal in his motion, and stated that those grounds could be raised in a future motion if
6    appropriate, as the Court's dismissal with leave to amend was limited to the issue of standing.  *See*
7    *id.* at 2.

*EHang's First Amended Complaint and Concession that it Lacks Standing*

9    EHang filed the current FAC on September 10, 2021.  *See* FAC, ECF 38.  The FAC does
10   not cure, or even address, EHang's lack of standing to bring this action.  *See id.*  Instead, the FAC
11   adds new allegations and claims not authorized by the Court in its dismissal order.  *See id.*  Wang
12   responded with the present motion to strike the FAC on the basis that it does not comply with, and
13   exceeds the scope of, the Court's order dismissing with leave to amend for lack of standing.  *See*
14   Mot. to Strike, ECF 43.  Wang also filed the present administrative motion to stay discovery
15   pending decision on the motion to strike, and asking the Court to advance the hearing on the
16   motion to strike or decide it on the papers.  *See* Admin. Mot., ECF 47.
17   EHang concedes that it lacks standing to proceed with the present lawsuit.  Specifically,
18   EHang states that the claims asserted in this action are unscheduled property of the bankruptcy
19   estate that was not administered in the Chapter 7 case.  *See* Opp. to Admin. Mot. at 4, ECF 48.
20   EHang advises that it has filed a motion to reopen the Chapter 7 case, and speculates that the
21   trustee may then seek to substitute into this case as the real party in interest, or may abandon the
22   current claims to EHang.  *See id.* at 4-5.  EHang represents that its motion to reopen is set for
23   hearing before the Bankruptcy Court on November 18, 2021, and it requests that the Court defer
24   ruling on the motion to strike pending the bankruptcy proceedings.  *See id.*

*Further Proceedings*

26   This Court agrees with Wang that EHang's FAC does not comply with, and exceeds the
27   scope of, the Court's order dismissing the complaint with leave to amend for lack of standing.
28   Accordingly, the motion to strike is GRANTED.  The FAC is STRICKEN.  Wang's

administrative motion to stay discovery pending a ruling on the motion to strike is TERMINATED AS MOOT.

More importantly, it is clear that the basis on which the Court dismissed the original complaint – lack of standing – is not curable by amendment. EHang concedes that several discretionary decisions would have to be made by the Bankruptcy Court and bankruptcy trustee before it might obtain standing. On this basis, the Court declines EHang's invitation to delay litigation of this case based on speculation that its motion to reopen the Chapter 7 case may result in EHang acquiring standing at some point in the future. Accordingly, although the Court previously dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6) with leave to amend, the Court now determines that any further amendment would be futile.

Having made this determination, the Court ordinarily would dismiss this action at this time, without prejudice to the filing of a new action by the trustee or by EHang should the trustee abandon the estate's claims to EHang. However, on October 27, 2021, Wang filed a motion for sanctions under Federal Rule of Civil Procedure 11, seeking a monetary award and dismissal with prejudice as sanctions. The Court therefore will defer dismissal of the case pending decision on Wang's Rule 11 motion, including Wang's request for dismissal with prejudice as a sanction for improper conduct.

**ORDER**

(1) Wang's motion to strike the FAC (ECF 43) is GRANTED.

(2) Wang's administrative motion (ECF 47) is TERMINATED AS MOOT.

(3) While the Court has determined that this case is subject to dismissal for lack of standing, the case will remain open pending decision on Wang's motion for Rule 11 sanctions.

Dated: October 29, 2021

_____
BETH LABSON FREEMAN
United States District Judge