# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| EHANG, INC., <br>     Plaintiff, <br> v. <br> GARY WANG, <br>     Defendant. | Case No. 21-cv-02700-BLF <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; SETTING DEADLINE FOR PLAINTIFF TO FILE MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; AND DENYING DEFENDANT'S MOTION FOR SANCTIONS** <br><br> [Re: ECF 49, 57] |

This order addresses two motions: (1) Plaintiff EHang, Inc.'s motion for reconsideration (ECF 57) of the Court's order striking its first amended complaint; and (2) Defendant Gary Wang's motion for sanctions (ECF 49) under Federal Rule of Civil Procedure 11. EHang, Inc.'s motion for reconsideration was not noticed for hearing and the Court vacated the March 31, 2022 hearing on Wang's Rule 11 motion. *See* Orders, ECF 56, 61.

EHang, Inc.'s motion for reconsideration is DENIED. However, the Court will permit EHang, Inc. to file a motion for leave to file a second amended complaint before determining whether dismissal of the action is warranted. Wang's motion for Rule 11 sanctions is DENIED.

## I. BACKGROUND

EHang, Inc. sues Wang for breach of fiduciary duty, negligence, and willful misconduct based on Wang's conduct while employed by EHang, Inc. *See* Compl., ECF 1. Wang contends that he was not employed by EHang, Inc., but was employed by related companies Guangzhou EHang Intelligent Technology Co., Ltd. and EHang Holdings, Ltd. Wang filed suit against those companies for breach of contract and related claims more than a year before the present action was commenced. *See Wang v. EHang Holdings, Ltd.*, Case No. 20-cv-00569-BLF.

1  Wang moved to dismiss EHang, Inc.'s complaint on several grounds, including that
2  EHang, Inc. lacked standing to bring this action as a result of its Chapter 7 bankruptcy.  *See* Mot.
3  to Dismiss, ECF 12.  Legal claims accruing before the filing of a Chapter 7 bankruptcy petition are
4  the property of the bankruptcy estate and, unless abandoned by the bankruptcy trustee, may be
5  asserted only by the estate as the real party in interest.  *See Estate of Spirtos v. One San*
6  *Bernardino County Super. Ct.*, 443 F.3d 1172, 1176 (9th Cir. 2006).

7  Before the scheduled hearing on Wang's motion to dismiss, the Court held an Initial Case
8  Management Conference at which EHang, Inc.'s counsel represented that the standing issue could
9  be cured by amendment.  *See* Hrg. Tr. at 5-6, ECF 44.  EHang, Inc. suggested that the Court grant
10 the motion to dismiss only for lack of standing, with leave to amend, and Wang's counsel agreed.
11 *See id.* at 6.  The Court issued a written order dismissing the complaint for lack of standing, with
12 leave to amend.  *See* Order, ECF 34.  The Court advised that other grounds for dismissal raised by
13 Wang could be asserted in a future motion to dismiss the amended complaint.  *See id.* at 2.

14 EHang, Inc.'s first amended complaint ("FAC") did not cure, or even address, its lack of
15 standing.  *See* FAC, ECF 38.  Instead, the FAC added new allegations and claims not authorized
16 by the Court.  *See id.*  Wang moved to strike the FAC.  *See* Mot. to Strike, ECF 43.  The Court
17 granted the motion to strike on October 29, 2021, finding that the FAC did not comply with the
18 dismissal order and exceeded the scope of the leave to amend.  Order at 3, ECF 50.  The Court
19 deferred dismissal of the action pending a ruling on Wang's Rule 11 motion.  *See id.* at 4.

20 **II.    EHANG, INC.'S MOTION FOR RECONSIDERATION**

21 EHang, Inc. seeks reconsideration of the order striking its FAC, asserting that it now has
22 standing because the bankruptcy trustee abandoned this action to EHang, Inc. after the FAC was
23 stricken.  *See* Mot. for Recon., ECF 57.  EHang, Inc. also asks that the Court accept the FAC's
24 new allegations and claims as amendments under Federal Rule of Civil Procedure 15.  Wang
25 contends that reconsideration is not merited, arguing that EHang, Inc. did not seek relief in the
26 bankruptcy court in a timely fashion.  Wang also argues that EHang, Inc. should not be allowed to
27 convert a motion for reconsideration into a motion for leave to amend, and that in any event
28 amendment is governed by Federal Rule of Civil Procedure 16, not Rule 15.

1     The Court finds that EHang, Inc. has not demonstrated a basis for reconsideration of the order striking its FAC.  The Court struck the FAC because it did not cure or even address EHang, Inc.'s lack of standing and because the FAC went beyond the scope of the leave to amend granted by the Court.  The Court sees no reason to change its ruling based on EHang, Inc.'s belated acquisition of the right to pursue this suit from the bankruptcy trustee.  Moreover, it is unclear whether the bankruptcy trustee's abandonment cures the standing defect.  "[S]tanding is assessed based on the facts that existed when the lawsuit was filed." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007).  "[S]tanding – where it would have been necessary to bring the claim in the district court – cannot be created retroactively." *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 483 (9th Cir. 2011).  Finally, EHang, Inc.'s request for leave to amend under Rule 15 is without merit, both because a motion for reconsideration is not a proper vehicle for such request and because leave to amend is governed by Rule 16 at this stage of the proceedings.  *See* Case Management Order, ECF 33.  EHang, Inc.'s motion for reconsideration of the order striking its FAC is DENIED.

While dismissal of the action on these grounds would be warranted, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  The Court therefore will permit EHang, Inc. to file a motion for leave to amend under Rule 16, *if* such motion can be filed consistent with Rule 11 given the standing defect and other defects identified by Wang.  Any such motion shall be:  limited to 10 pages, accompanied by a proposed second amended complaint, and filed by April 25, 2022.  Any opposition shall be limited to 10 pages and filed by May 9, 2022.  No reply is permitted.  The motion will be decided without oral argument.  If no motion is filed, the action will be dismissed without further notice to the parties.

### III.   WANG'S MOTION FOR RULE 11 SANCTIONS

Wang moves for monetary and dismissal sanctions against EHang, Inc. and its counsel under Federal Rule of Civil Procedure 11.  EHang, Inc. argues that Wang has not established a basis for Rule 11 sanctions.

Under Rule 11(b), an attorney or unrepresented party who presents a signed pleading or other paper to the court certifies that to the best of the person's knowledge:

3

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)-(3).

If the court finds that Rule 11(b) has been violated, it may impose an appropriate sanction on "any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). However, the court may not impose a monetary sanction against a represented party for violating Rule 11(b)(2). *See* Fed. R. Civ. P. 11(c)(5).

Wang asserts that the FAC violated Rules 11(b)(1), (b)(2), and (b)(3). The asserted violations of Rules 11(b)(1) and (b)(3) are not supported by the record. Although Wang appears sincere in his belief that this action was filed for an improper purpose in violation of Rule 11(b)(1), retaliation for Wang's earlier-filed suit against other EHang entities, the Court cannot infer such motivation from this record. As to Wang's argument that the FAC asserted a baseless factual contention in violation of Rule 11(b)(3), that EHang, Inc. has standing, the issue of standing properly is construed as a legal issue rather than a factual one. In any event, the FAC did not allege that EHang, Inc. has standing despite its bankruptcy; it simply did not address the issue.

The asserted violation of Rule 11(b)(2) presents a closer question. Wang argues that the FAC was filed without a legal basis because at the time that pleading was filed, only the bankruptcy trustee had standing to pursue the claims asserted therein. Wang requests monetary and dismissal sanctions against EHang, Inc. and its counsel. The Court declines to impose a dismissal sanction given its decision to allow EHang, Inc. to seek leave to amend. Moreover, the Court cannot impose monetary sanctions on EHang, Inc., a represented party, for the asserted violation of Rule 11(b)(2). *See* Fed. R. Civ. P. 11(c)(5). Accordingly, the Court limits its consideration of monetary sanctions to whether such sanctions are warranted against EHang, Inc.'s counsel, Mr. Liu, who signed and filed the FAC.

4

"Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002).  The Court finds that the FAC was objectively baseless, as it did not establish or even address EHang, Inc.'s standing to pursue this litigation despite the Court's colloquy with counsel at the Initial Case Management Conference and subsequent written order dismissing the original complaint for lack of standing.  However, EHang, Inc. was represented by different counsel, Bing Zhang Ryan, when those events occurred.  Mr. Liu filed a notice of appearance on September 10, 2021, the deadline for filing the FAC.  *See* Not. of Appearance, ECF 37.  Mr. Liu signed and filed the FAC on September 10, 2021, but it is not clear how much time he had to investigate EHang, Inc.'s claims before doing so.  The Court notes that the FAC added new allegations and evidence that EHang, Inc. was in "Good Standing" in Delaware, as of June 9, 2021.  FAC ¶ 5 & Exh. A.  It appears that Mr. Liu may have been confused as to the nature of the Court's concern that EHang, Inc. lacked standing to proceed in light of its bankruptcy, as opposed to a concern regarding EHang, Inc.'s good standing in its state of incorporation.  The Court observes that Ms. Ryan did not withdraw from her representation of EHang, Inc. until February 15, 2022.  *See* Not. of Change in Counsel, ECF 60.  Under these circumstances, it is unclear how much Mr. Liu relied on Ms. Ryan when filing the FAC.

The Court declines to impose monetary sanctions against Mr. Liu on this record.  The Ninth Circuit has cautioned that "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988).  "Judges therefore should impose sanctions on lawyers for their mode of advocacy only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients." *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001).  Based on Mr. Liu's late entry into this case on the day the FAC was filed, and his apparent confusion regarding the nature of the Court's concern regarding standing, the Court concludes that this is not one of the rare cases in which monetary sanctions should be imposed on counsel.

**IV. ORDER**

(1) Plaintiff's motion for reconsideration is DENIED.

(2) Plaintiff may file a motion for leave to file a second amended complaint, if such motion can be filed consistent with Rule 11, by April 25, 2022. A copy of the proposed second amended complaint shall be attached to the motion. Any opposition shall be filed by May 9, 2022. Any motion and opposition are limited to 10 pages each. No reply is permitted. If filed, the motion for leave to amend will be decided without oral argument. If no motion is filed, the action will be dismissed without further notice to the parties.

(3) Defendant's motion for Rule 11 sanctions is DENIED.

(4) This order terminates ECF 49 and 57.

Dated: April 11, 2022

_____
BETH LABSON FREEMAN
United States District Judge